UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC.<br><br>Plaintiff,<br><br>v.<br><br>LONGWOOD VENUES & DESTINATIONS, INC.; WYCHMERE HARBOR REAL ESTATE, LLC; WYCHMERE HOLDINGS CORP.; ATLAS INVESTMENT GROUP, LLC; WYCHMERE SHORES CONDOMINIUM TRUST; HARBOR CLUB MANAGEMENT, LLC; BEACH CLUB MANAGEMENT, LLC; JEFFREY M. FEUERMAN; BARRY J. GOLDY; and JOSEPH F. MCKENNEY<br><br>Defendants. | CIVIL ACTION<br>NO. 19-11672-WGY |

YOUNG, D.J.                                                November 26, 2019

**ORDER**

This citizen suit under the Resource Conservation and Recovery Act ("RCRA") arises from the same set of facts as the plaintiff's citizen suit against the defendants under the Clean Water Act ("CWA"). See Conservation Law Foundation, Inc. v. Longwood Venues & Destinations, Inc., Civ. A. No. 18-11821-WGY ("CWA Action"). There, Conservation Law Foundation ("CLF") brought a citizen suit under the CWA alleging that the defendants (collectively, the "Beach Club") -- who own or operate the Wychmere Beach Club on Cape Cod and its adjoining

wastewater treatment facility ("the Facility") -- unlawfully discharge nitrogen from twenty-two leach pits into the groundwater that then flows into the adjacent harbor and ocean through hydrological connections.

The CWA Action was filed on August 24, 2018, CWA Action, ECF No. 1, and the deadline to amend was March 8, 2019, Case Management Order 1, CWA Action, ECF No. 30. CLF sought leave to file an amended complaint before the deadline, but the amended complaint did not contain any claims under RCRA. Am. Compl., CWA Action, ECF No. 34. Without ever seeking to add RCRA claims to its complaint in the CWA Action, CLF filed the present complaint, alleging two violations under sections 4005(a) and 7002(a)(2) of RCRA (the "RCRA Action"), on August 2, 2019. Compl., ECF No. 1. On September 4, 2019, the Beach Club moved to dismiss, ECF No. 17, on the grounds that CLF's two actions are impermissible claim splitting and that CLF failed to state a claim on either of its RCRA allegations. Mem. Supp. Defs.' Mot. Dismiss 4-19 ("Defs.' Mem."), ECF No. 18.

At a hearing on October 17, 2019, the Court took the claim-splitting issue under advisement. Electronic Clerk's Notes, ECF No. 31. The Court added that, were the Court to conclude that the RCRA Action ought not be dismissed on account of claim splitting, then the Court would deny the motion to dismiss as to count II but dismiss count I without prejudice and with leave to

file a motion to amend. Id. The Court now so concludes.

The First Circuit has explained that "the doctrine against splitting claims . . . is . . . one application of the general doctrine of res judicata." Sutcliffe Storage & Warehouse Co. v. United States, 162 F.2d 849, 852 (1st Cir. 1947). That description, however, may be "some exaggeration" in that the claim-splitting doctrine is generally seen as "a matter of docket management." 18 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4406 (3d ed. 1998); Katz v. Gerardi, 655 F.3d 1212, 1218 (10th Cir. 2011). "A later-filed action is generally found duplicative of an earlier-filed suit if the claims, parties, and available relief do not significantly differ between the two actions." Montoyo-Rivera v. Pall Life Scis. PR, LLC, 245 F. Supp. 3d 337, 342 (D.P.R. 2017)) (citations and internal quotation marks omitted); see also Elliott-Lewis v. Abbott Labs., 378 F. Supp. 3d 67, 70 (D. Mass. 2019) (Saris, C.J.) ("A second lawsuit is impermissibly duplicative where it would be precluded by a final judgment in the first lawsuit."). Because the claim-splitting doctrine derives from courts' general power to administer their dockets, "[c]ourts have broad discretion in deciding how to respond to such claim-splitting." Id. (citing Connectu LLC v. Zuckerberg, 522 F.3d 82, 89 n.5 (1st Cir. 2008)). Aware of the "complex problems that can arise from multiple federal filings," the

[3]

Court ought take "extenuating circumstances" into account and "consider the equities of the situation when exercising its discretion." ConnectU LLC, 522 F.3d at 89 n.5 (quoting Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000)).

CLF argues that it has not impermissibly split its claims for three reasons: (1) CLF was led astray by the Court's order refusing to stay the case, ECF No. 58; (2) that the RCRA claims did not accrue until after the amendment complaint was filed because of the CWA's 90-day post-notice requirement; and (3) CLF's separate claims RCRA and CWA "implicate different rights and interests." CLF's Mem. L. Opp'n Defs.' Mot. Dismiss ("Pl.'s Opp'n") 7-8.

The Court rejects CLF's first argument. CLF oddly asserts that it "understood the Court's Motion to Stay Order as requiring the RCRA claims to be brought in a separate action." Id. 7. The Court stated no such thing, nor could CLF have reasonably interpreted the Court's Order as so requiring. The Court simply refused to stay the case and kept "all time limits in full force and effect." Electronic Order, ECF No. 58. Nothing in that Order prohibited CLF from filing a motion for leave to amend the complaint when the RCRA claims later became available. Nor did the Court's Order implicitly command CLF to file a separate action based on identical facts solely because

[4]

CLF declared its intention to add RCRA claims. CLF could not reasonably so construe the Order.

CLF's second argument, however, is availing. The mandatory 90-day waiting period after CLF provided notice, 42 U.S.C. § 6972(b)(2)(A), means that the Court would not have had jurisdiction over CLF's RCRA claims until after the time to amend had expired in the CWA Action. In Barrett ex rel. Estate of Barrett v. United States, a plaintiff filed a claim under the Federal Tort Claims Act (FTCA) before the statutory six-month waiting period had expired because the statute of limitations on her Bivens action was set to run out before the end of six months. 462 F.3d 28, 37-38 (1st Cir. 2006). The First Circuit held that the plaintiff had to wait the six months required by the FTCA, and her remedy to prevent losing her Bivens claim was "to file separate claims, which would not [have] be[en] barred by the rule against claim-splitting." Id. (citing Torromeo v. Town of Fremont, 438 F.3d 113, 117 (1st Cir. 2006) and Restatement (Second) of Judgments § 26(1)(c)).

If the plaintiff in Barrett could have permissibly filed her Bivens and FTCA claims separately to stay within the Bivens limitations period, then CLF may split its CWA and RCRA claims to accommodate RCRA's 90-day freeze. Of course, there is little reason why CLF could not have brought the RCRA claims together with its CWA claims from the outset. The 90-day delay was a

[5]

self-inflicted injury, since nothing prevented CLF from sending its RCRA notice more promptly. The bald truth is that CLF simply did not get its act together in time. Yet the same could be said for the plaintiff in Barrett. The First Circuit nonetheless instructed her to file her FTCA claim in a separate action on account of the mismatch between the two statutory deadlines. While the Court would still have preferred for CLF to move to amend its complaint in the CWA Action before filing separate RCRA claims, the Court cannot say that CLF impermissibly split its claims.

Furthermore, even were these claims wrongly split, the Court would conclude that the equities weigh against dismissal on these grounds since there was no prejudice to the Beach Club and CLF is here a "private attorney[] general standing the in government's shoes" to enforce a public interest. Riggs v. Curran, 863 F.3d 6, 11 (1st Cir. 2017).

In accordance with the Court's oral ruling, ECF No. 31, the Court DENIES the motion to dismiss, ECF No. 17, as to count II since the complaint adequately states a claim under RCRA for "contributing to . . . disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment." 42 U.S.C. § 6972(a)(1)(B); see id. § 6903(27) (defining "solid waste" as "any garbage, refuse, sludge from a waste treatment plant, . . . and other discarded

[6]

material") (emphasis added). Yet the Court ALLOWS the motion to dismiss as to count I, the "open dumping" claim, 42 U.S.C. § 6945(a), albeit without prejudice and with leave granted to CLF to file a motion to amend in order adequately to predicate its claim with reference to the criteria promulgated under 42 U.S.C. §§ 6944, 6907(a)(3). See id. § 6903(14) (defining "open dump" as "any facility or site where solid waste is disposed of which is not a sanitary landfill which meets the criteria promulgated under section 6944 of this title and which is not a facility for disposal of hazardous waste").

**SO ORDERED.**

/s/ William A. Young
WILLIAM G. YOUNG
DISTRICT JUDGE